IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVESTPIC, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-1028-SLR |
| | ) |
| FACTSET RESEARCH SYSTEMS, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of September, 2011, having reviewed the pending motions to dismiss and the papers filed in connection therewith;

IT IS ORDERED that the motion filed by defendant SAS Institute, Inc. (D.I. 55) is denied, as is the joint motion to dismiss (D.I. 78) filed by defendants Algorithmics (U.S.) Inc., Calypso Technology, Inc., FactSet Research Systems, Inc., Misys PLC, Misys International Banking Systems, Inc., Morningstar, Inc., MSCI, Inc., RiskMetrics Solutions, Inc., SS&C Technologies, Inc., StatPro, Inc., SunGard Data Systems, Inc. and TIBCO Software Inc.  The court declines to address the merits of defendants' arguments under *Bilski v. Kappos*, 130 S. Ct. 3218 (2010), in the absence of either discovery or claim construction.  Defendants' cited authority to the contrary is either authority I choose not to follow, *Ultramercial, LLC v. Hulu*, LLC, 2010 WL 3360098 (C.D. Cal. Aug. 13, 2010), *Glory Licensing LLC v. Toys "R" Us, Inc.*, Civ. No. 09-4252 (D.N.J. May 16, 2011), or cases which were resolved on summary judgment, *Bancorp.*

*Servs., L.L.C. v. Sun Life Assurance* Co., Civ. No. 00-1073, 2011 WL 665679 (E.D. Mo. Feb. 14, 2011), *CLS Bank Int'l v. Alice Corp. Pty. Ltd.,* Civ. No. 07-974, 2011 WL 802079 (D.D.C. Mar. 9, 2011), and *CyberSource Corp. v. Retail Decisions, Inc.*, 620 F. Supp.2d 1068 (N.D. Cal. 2009). Plaintiff's motion for leave to file a sur-reply (D.I. 68) is denied as moot.

2. With respect to defendant FactSet Research Systems, Inc.'s motion to dismiss plaintiff's claims of direct infringement (D.I. 18), the court finds that plaintiff's complaint sufficiently meets the five elements required by Fed. R. Civ. P. Form 18, that is, plaintiff has alleged jurisdiction, has stated the patent-in-suit by number, has identified the alleged infringement and provided identifying information for a specific product accused of infringement,[1] has given defendant notice of its infringement by stating the sections of 35 U.S.C. § 271 under which the lawsuit is being brought, and made a demand for relief. No more is required of a plaintiff. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007); *Eon Corp. IP Holdings LLC v. Flo TV Inc.*, 2011 WL 2708945 (D. Del. July 12, 2011).

3. Finally, defendants move to dismiss plaintiff's claims of indirect and willful infringement. These claims are the more challenging to address on a motion to dismiss. Under *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), the Supreme Court held that a complaint must state a "plausible claim for relief" by stating facts, not just

---

[1] Contrary to defendant's assertion that "there is no product known as "FactSet" (D.I. 19 at 8), a view of the website maintained by defendant FactSet Research Systems, Inc. confirms that the "product" being sold via the website is called "FactSet:" "Our technical deployment team makes it a top priority to install FactSet quickly and seamlessly, with little or no disruption to your workflow, whether you're a single user or a group of two thousand."

legal conclusions, that permit a court to infer more than the "mere possibility" of misconduct. The Supreme Court did not change the standard of review insofar as the court must accept the truth of all of the factual allegations contained in a complaint, or the well established principle that, often, the state of mind (intent, knowledge, willfulness) with which a person acts at any given time can only be proven indirectly from the surrounding circumstances. Finally, the court is mindful of the difficulty in drawing a fair distinction between a plaintiff's burden at the outset of the case (*Iqbal*'s "more than a mere possibility" language) and plaintiff's ultimate burden to prove indirect infringement at trial (the "more probable than not" language of the preponderance of the evidence standard).[3]

4. Plaintiff alleges at bar that the defendants knew of the '291 patent, because the '291 patent "is well-known in the industry - having been cited by at least 79 issued U.S. patents since 2001." Defendants might disagree with this fact and may be able to prove otherwise through discovery; however, taking the factual assertion as true, if a patent is "publicly" known, one can infer (i.e., it is more probably true than not) that an individual defendant had knowledge of it. Plaintiff also alleges in its complaint that "products related to the invention are available within the U.S. public marketplace and are in compliance [with] 35 U.S.C. § 287." Again, this is a factual assertion about public disclosure that would support an inference of individual knowledge. For these reasons, I conclude that plaintiff's allegations as to indirect infringement and willful infringement

---

[3] To prove indirect infringement at trial, the patentee must prove, *inter alia,* that it is "more probable than not that defendant knew of the XXX patent." (Judge Robinson's pattern patent jury instructions at 25-27)

withstand defendants' Fed. R. Civ. P. 12(b)(6) challenge. Defendants' motions to dismiss (D.I. 18, 75, 77) are denied.

                                                              _____
                                                           United States District Judge