IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVESTPIC, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-1028 (RGA) |
| | ) |
| ALGORITHMICS (U.S.), INC.; et al., | ) **REDACTED** |
| | ) **PUBLIC VERSION** |
| Defendants. | ) |

**LETTER FROM SAS TO SPECIAL MASTER DAVID WHITE, ESQ.
REGARDING INVESTPIC'S INFRINGEMENT CONTENTIONS**

                                             Thomas C. Grimm (#1098)
                                             Mary B. Graham (#2256)
                                             MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                             1201 N. Market Street
                                             P.O. Box 1347
                                             Wilmington, DE  19899-1347
                                             (302) 658-9200
                                             tgrimm@mnat.com
                                             mgraham@mnat.com
                                                *Attorneys for Defendant SAS Institute Inc.*

OF COUNSEL:

Thomas R. Goots
David B. Cochran
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
(216) 586-3939

June 14, 2012

Dear Mr. White:

SAS submits this letter pursuant to the Court's Order Regarding Discovery Matters (D.I. 214). The Scheduling Order (D.I. 169) provides for the orderly development of contentions in this patent case: InvestPic identifies the accused products; SAS provides Core Technical Documents that describe the use, operation and administration of those products; and then InvestPic provides its Infringement Contentions based on those documents. SAS went well beyond its obligations by producing the Source Code underlying the operation of the accused products, in addition to the required technical documents. InvestPic had represented to the Court that the Source Code would be the proof "in the pudding."[1] The purpose of providing Core Technical Documents and Source Code prior to the infringement contentions is to give InvestPic the information it needs to provide meaningful, informed infringement contentions. Yet, InvestPic failed to provide meaningful contentions. SAS notified InvestPic of the deficient nature of the contentions. InvestPic made repeated promises to supplement, but the only supplementation it provided amounted to little more than the assertion of additional dependent patent claims, without substantively addressing the deficiencies that SAS identified.[2]

InvestPic has no justification for its deficient contentions. SAS has produced a vast amount of information regarding the products at issue, including the source code, algorithms, user manuals and guides, operations manuals, product brochures, features lists and white papers. Yet, neither InvestPic's initial, nor supplemental, Infringement Contentions refer to SAS's Source Code and there are only minimal cites to SAS's produced technical documents. Instead, InvestPic has, for the most part, reused the contentions it provided seventeen months ago, before it ever had access to SAS's documentation or source code. In no way does this equate to contentions commensurate in scope with SAS's disclosure of technical information, as contemplated by the Court. Moreover, by not providing meaningful Infringement Contentions, InvestPic is withholding its theories of infringement from SAS. This is contrary to the phased disclosure scheme mandated by this Court. Accordingly, InvestPic should be given seven days to provide final supplemental contentions. A failure to do so should result in the restriction of InvestPic's contentions to their present substance and form.

InvestPic's Infringement Contentions ("Contentions") are deficient in at least the following ways:

## I.   InvestPic's Contentions Do Not Address Each Element Within the Asserted Claims

InvestPic selects only certain portions of the asserted claims elements for which it provides contentions. A typical example is Claim 11c for each of the accused SAS products.

---

[1]   InvestPic had told the Court that access to Source Code was necessary to provide adequate Infringement Contentions. *See* Ex. A, Transcript Rule 16 Conf. at p. 11: ll. 1-7 (InvestPic counsel stated, "We feel like in order to focus the case early on, the proof is in the pudding, in the source code . . . we would suggest an early date *so we can give them proper claim charts* when the time comes.) (emphasis added). Confident that its products do not infringe the asserted patent claims, and to remove any excuse for deficient Infringement Contentions, SAS voluntarily produced its source code early, on Feb. 21, 2012.
[2]   SAS identified the specific deficiencies via March 30, 2012 letter, and in subsequent communications with InvestPic. (*See* Ex. B.) InvestPic provided its deficient supplemental Infringement Contentions May 10, 2012. (*See* Ex. C.)

Special Master David White, Esq.
June 14, 2012
Page 2

Claim 11c requires "receiving a bias parameter, wherein the bias parameter determines a degree of randomness in a resampling process." InvestPic fails to identify any portion of the accused products that perform or satisfy the element "wherein the bias parameter determines a degree of randomness in a resampling process."

## II. No Explanation Of How The Selected Claim Element Is Infringed Or Satisfied

InvestPic's Contentions provide random text or pictures from various documents adjacent to specific claim elements. InvestPic fails to provide any explanation as to how the random text/pictures allegedly satisfy the claim element. Specifically, InvestPic's Contentions are deficient in at least the following ways:

- Claim Element 11c ("receiving a bias parameter") – InvestPic's Contentions fail to explain how the cited text equates to the existence or use of a "bias parameter," or how the cited text satisfies the element of "receiving a bias parameter."[3]

- Claim Element 22b ("a client database") – InvestPic's Contentions generally refer to "data" or "databases," but fail to show or explain whether the cited text is a "client database" or if it even contains client data.[4] Additionally, InvestPic cites to the same "data" and "databases"—again without explanation—as purportedly satisfying claim element 22a ("a financial database"), thereby failing to differentiate between a "client database" and "financial database."[5]

- Claim Elements 22c-ii ("perform a resampled statistical analysis") and 29c-i ("performing a resampled statistical analysis") – InvestPic cites to "different analysis for different purposes" as somehow satisfying a "resampled statistical analysis." InvestPic subsequently supplemented its Contentions for these elements to include a reference to "Monte Carlo." However, InvestPic also attempts to use "Monte Carlo" to satisfy Claim Element 11c ("bias parameter"). InvestPic provides no explanation as to: 1) how "Monte Carlo" satisfies both a "bias parameter" and "resampled statistical analysis;" or 2) how/whether "Monte Carlo" is used for statistical analyses.[6]

- Claim 29b ("front-end subsystem for receiving a statistical analysis request") – InvestPic cites to a "unified environment," "user-friendly process," "graphical user interface" and "using selected components . . . and specific settings to perform Monte Carlo simulation."

---

[3] Claim Element 11c is deficient for accused SAS products – BookRunner, ETS, JMP, OpRisk Management, Risk Dimensions, Risk Management for Banking, and Risk Management for Insurance.
[4] Claim Element 22b is deficient for SAS products – BookRunner, ETS, OpRisk Management, Risk Dimensions, Risk Management for Banking, and Risk Management for Insurance.
[5] The failure to differentiate extends to all seven accused SAS products – BookRunner, ETS, JMP, OpRisk Management, Risk Dimensions, Risk Management for Banking, and Risk Management for Insurance.
[6] Claim Element 22c-ii and 29c-i are deficient for SAS Risk Dimensions.

InvestPic fails to explain whether these references are located on the "front-end," whether they are "subsystems" or how they are used for "receiving a statistical analysis request."[7]

### III. No Information Regarding Doctrine Of Equivalents Or Direct/Indirect Infringement

InvestPic confirmed to the Court that it would provide information regarding the Doctrine of Equivalents and Direct/Indirect Infringement in its Contentions, but has failed to support each of these bases of infringement. (*See* Ex. A at p. 23: ll. 1-4; p. 23: ll. 16-21.)

For the Doctrine of Equivalents ("DOE"), InvestPic includes a footnote for 6 of the 7 accused SAS products, indicating that "each element is present under the doctrine of equivalents because there is no substantial difference between the elements of the asserted claims and the corresponding functionality in the accused instrumentality, i.e., the corresponding functionality in the accused product performs substantially the same function, in substantially the same way to achieve substantially the same results as the claimed elements."[8] InvestPic does not specifically identify the claim element(s) or the corresponding function(s) in the SAS products to which the DOE is allegedly applicable. Nor does InvestPic explain how the unidentified function in the accused SAS products "perform[] substantially the same function, in substantially the same way to achieve substantially the same results."

As for the alleged Direct Infringement by SAS, InvestPic provides no citation to support its conclusory statement that SAS practices each asserted claim by "providing on-line access or SaaS ('software as a service') access to its products." Its Indirect Infringement contentions against SAS are no better, because InvestPic fails to identify any other party that infringes via use of the accused SAS products. *In re Bill of Lading Pat. Litig.*, 2012 WL 2044605, at *5 (Fed. Cir. June 7, 2012) ("There can be no inducement or contributory infringement without an underlying act of direct infringement.") Claim 11 is a method claim. Yet, InvestPic fails to provide any information regarding who (if anyone) performs each step of Claim 11.

### IV. InvestPic's Newly Added Dependent Claims 12, 23 And 30 Are Equally Deficient

InvestPic's supplementation of its Contentions primarily consisted of asserting dependent claims 12, 23 and 30. The contentions regarding these claims are as deficient as those initially provided. Moreover, in a May 25 letter, InvestPic confirmed that it also will be asserting dependent claims 23-24 and 26-28 against SAS. (*See* Ex. D.) InvestPic's delayed assertion of these dependent claims is a response to the Reexamination proceeding regarding the patent-in-suit, and the fact that these eight claims are not part of that proceeding. Nonetheless, InvestPic's piecemeal assertion of these claims is contrary to the Court's intent to narrow the issues between the parties. (*See* Ex. A at p. 13: ll. 7-16.)

---

[7] Claim Element 29b is deficient for SAS OpRisk Management.
[8] The six SAS products are: JMP; OpRisk Management; Risk Dimensions; Risk Management for Banking; Risk Management for Insurance; and BookRunner.

Special Master David White, Esq.
June 14, 2012
Page 4

                              Respectfully,

                              */s/ Mary B. Graham*

                              Mary B. Graham (#2256)

MBG/dam
Enclosure
cc:    Plaintiff's Counsel of Record
        Thomas R. Goots, Esq.

5975178